UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

JOHN PATRICK WOLVERTON, **Plaintiff,**

v. **Civil Action No. 3:19-cv-320-DJH**

HARDIN MEMORIAL HOSPITAL, et al., **Defendants.**

* * * * *

## MEMORANDUM OPINION AND ORDER

Plaintiff John Patrick Wolverton filed a *pro se*, *in forma pauperis* 42 U.S.C. § 1983 complaint (DN 1). This matter is before the Court for screening pursuant to 28 U.S.C. § 1915A and *McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007).

### I. STATEMENT OF CLAIMS

At the time Plaintiff filed his complaint, he was incarcerated in the Marshall County Jail. He has since notified the Court of his release from prison. As Defendants, Plaintiff names the Hardin Memorial Hospital, the Hardin County Sheriff's Department, and Dr. Ross Walton, a Hardin Memorial Hospital doctor, in his official capacity. The complaint states, "I was asked to give urine sample and I told them I could not pee. I asked for water and they told me no at which time they handcuffed me to a bed and forced a catheter in me." Plaintiff states further, "No physical injuries sustained. However emotionally I was and the fact I did not give consent for them to forcefully collect my urine is a violation of my civil rights."

### II. ANALYSIS

When a prisoner initiates a civil action seeking redress from a governmental entity, officer, or employee, the trial court must review the complaint and dismiss the action, if the

Court determines that it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A(b)(1) and (2). A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). The Court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. *Id.* at 327. When determining whether a plaintiff has stated a claim upon which relief can be granted, the Court must construe the complaint in a light most favorable to Plaintiff and accept all of the factual allegations as true. *Prater v. City of Burnside, Ky.*, 289 F.3d 417, 424 (6th Cir. 2002). While a reviewing court must liberally construe *pro se* pleadings, *Boag v. MacDougall,* 454 U.S. 364, 365 (1982) (per curiam), to avoid dismissal, a complaint must include "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

"Official-capacity suits . . . 'generally represent [ ] another way of pleading an action against an entity of which an officer is an agent.'" *Kentucky v. Graham*, 473 U.S. 159, 165 (1985) (quoting *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 690 n.55 (1978)). Thus, suing employees in their official capacities is the equivalent of suing their employer. *Lambert v. Hartman*, 517 F.3d 433, 439-40 (6th Cir. 2008); *Matthews v. Jones*, 35 F.3d 1046, 1049 (6th Cir. 1994); *Smallwood v. Jefferson Cty. Gov't*, 743 F. Supp. 502, 503 (W.D. Ky. 1990). Therefore, the Court construes Plaintiff's official-capacity claim against Dr. Walton as brought against his employer, the Hardin Memorial Hospital.

Neither the Hardin Memorial Hospital[1] nor the Hardin County Sheriff's Department is an entity capable of being sued under § 1983. Under § 1983, "person" includes individuals and

---

[1] "Hardin Memorial Hospital is owned and operated by Hardin County, Kentucky[.]" *Reyes v. Hardin Cty.*, 55 S.W.3d 337, 337 (Ky. 2001).

"bodies politic and corporate." *Monell*, 436 U.S. at 689-90 & n.55; *Hix v. Tenn. Dep't. of Corr.*, 196 F. App'x 350, 355 (6th Cir. 2006) ("A prison's medical department is not an entity with a corporate or political existence[.]"); *Mumford v. Basinski*, 105 F.3d 264, 267 (6th Cir. 1997); *Rhodes v. McDannel*, 945 F.2d 117, 120 (6th Cir. 1991) (per curiam) (holding that a police department may not be sued under § 1983); *Garner v. Hamilton Cty. Sheriff's Dep't*, No. 1:14-CV-262-CLC-CHS, 2015 WL 4873075, at *1 (E.D. Tenn. Aug. 13, 2015) ("[T]he Sixth Circuit and courts in this district have previously held that a county sheriff's department is not an entity subject to suit under § 1983." (and citing cases)). Instead, Plaintiff's claims against these entities are against Hardin County itself. Consequently, the Court interprets Plaintiff's claim against Defendants as being brought against Hardin County.

On preliminary review, the Court will allow Plaintiff's suit to proceed against Hardin County.

**IT IS ORDERED** that the claims against Hardin Memorial Hospital, Hardin County Sheriff's Department, and Dr. Ross Walton are **DISMISSED** for failure to state a claim upon which relief may be granted pursuant to U.S.C. § 1915A(b)(1).

The Clerk of Court is **DIRECTED** to **terminate** Hardin Memorial Hospital, Hardin County Sheriff's Department, and Dr. Ross Walton as parties to this action.

The Clerk of Court is **FURTHER DIRECTED** to **add** Hardin County as Defendant in this case.

The Court will enter a separate Order Directing Service and Scheduling Order to govern the development of this case. In allowing Plaintiff's claim to go forward, the Court expresses no opinion on its ultimate merit.

Date: August 26, 2019

**David J. Hale, Judge**
**United States District Court**

cc: Plaintiff, *pro se*
  Defendants
  Hardin County Attorney
4415.009